UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------X
LAURITZEN BULKERS A/S,

        Plaintiff,

    -against-

GLOBAL    AMERICAN    TRANSPORT
LLC,

        Defendant.
----------------------------X

**24 Civ. 5178**

VERIFIED COMPLAINT

PLEASE TAKE NOTICE that Plaintiff, LAURITZEN BULKERS A/S ("LAURITZEN"), by its attorneys, MAHONEY & KEANE LLP, as and for a Complaint against Defendant, GLOBAL AMERICAN TRANSPORT LLC ("GAT"), alleges, upon information and belief, as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's pendent, supplementary and ancillary jurisdiction.

2. Plaintiff, LAURITZEN, is a corporation duly organized and existing pursuant to the laws of Denmark with offices and a place of business located at Tuborg Havnevej 15, 2900 Hellerup, Copenhagen, Denmark.

3.    Defendant, GAT, is a foreign business entity with offices and a place of business located at 77 West Wacker Drive, 45th Floor, Chicago, Illinois 60601.

4.    On or about March 28, 2023, Plaintiff, LAURITZEN, as disponent owner, and Defendant, GAT, as charterer, entered into a time charter party of the M/V HELGA BULKER for five to seven months at a hire rate of $14,325 per day or pro rata.

5.    Defendant breached the charter party by unlawfully and in contravention of the agreed-upon terms failing to pay hire, bunkers, and commissions owed and accrued in the amount of $199,857.88.

6.    As a result of the foregoing, Plaintiff has incurred and will continue to incur damages, costs and expenses for which Defendant is liable under the terms of the charter party agreement and at law.

7.    Plaintiff has placed Defendant on notice of its claim that Defendant has breached the referenced agreement.

8.    Despite Plaintiff's demands, Defendant has failed to pay the amounts due and owing to Plaintiff under the agreement and at law.

9.    Pursuant to the charter party, disputes are to be settled by arbitration in London, and Plaintiff has commenced or will shortly commence arbitration against Defendant, accordingly.

12/4554                                    2

10. This action is brought to obtain security in favor of Plaintiff with respect to Plaintiff's claims against Defendant, and in aid of the London Arbitration proceedings.

11. This action is further brought to obtain security for the additional sums which are recoverable, including Plaintiff's anticipated attorney and arbitrators' fees and costs in the London Arbitration and interest, all of which are recoverable as part of Plaintiff's claim under English law.

12. As a result of Defendant's breach of the agreement, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts:

| | |
|---|---|
| Principal Claim | $199,857.88 |
| Compounded Interest (for a period of five years at 7.5%) | $87,063.95 |
| Attorneys' and Expert's Fees, Court Expenses | $85,000.00 |
| **Total** | **$371,921.83** |

13. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

14. All conditions precedent required of Plaintiff in the aforesaid agreement have been performed.

12/4554                                    3

15.   Defendant cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendant has or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, which are believed to be due and owing to Plaintiff.

16.   For the purpose of obtaining personal jurisdiction over Defendant and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, restraining and attaching any assets, cash, funds, credits, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendant, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or

12/4554

4

any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That, since Defendant cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$371,921.83** to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

C.    That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be

12/4554                                  5

initiated in the future, including any appeals thereof; and

    D.    That Plaintiff have such other and further relief as this Honorable Court may deem just and proper.

Dated:    New York, New York
           July 9, 2024

                                Respectfully submitted,

                                MAHONEY & KEANE, LLP
                                Attorneys for Plaintiff

                      By:   s/ Garth S. Wolfson
                                Edward A. Keane
                                Garth S. Wolfson
                                40 Worth Street, Suite 602
                                New York, New York 10013
                                (212) 385-1422
                                File No. 12/4554

12/4554

ATTORNEY VERIFICATION

STATE OF NEW YORK      :
                       :   SS.:
COUNTY OF NEW YORK     :

1.   My name is Edward A. Keane.

2.   I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3.   I am the attorney for Plaintiff, and I am fully authorized to make this Verification on its behalf.

4.   I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5.   The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of the officers of which are present in this District.

6.   The source of my knowledge is information and records furnished to me by the Plaintiffs and their counsel, all of which I believe to be true and accurate.

Edward A. Keane

SWORN TO BEFORE ME ON THIS
9TH DAY OF JULY, 2024

Notary Public

GARTH S. WOLFSON
NOTARY PUBLIC
State of New York No- 02WO5076541
Qualified in New York County
Term Expires  04-28-27

12/4554                                          7