UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
LAURITZEN BULKERS A/S,

          Plaintiff,

-against-

GLOBAL AMERICAN TRANSPORT LLC,

          Defendant.
-------------------------------------------------X

24 Civ.

AFFIDAVIT IN SUPPORT OF PLAINTIFFS' PRAYER FOR AN ORDER OF ATTACHMENT AND GARNISHMENT

STATE OF NEW YORK    :
                              : SS.:
COUNTY OF NEW YORK  :

Edward A. Keane, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and a partner with the firm of Mahoney & Keane, LLP, attorneys for Plaintiff herein. I am familiar with the circumstances of the Complaint filed in this action and the underlying cause of action.

2. I make this Affidavit in support of Plaintiff's prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure [hereinafter "Rule B"].

3. I have made an investigation and am informed and believe based upon the results of this investigation, that Defendant, GLOBAL AMERICAN TRANSPORT LLC, is a foreign corporation or other foreign business entity which cannot be "found" within the district for the purposes of an attachment under Rule B.

4. Deponent has conducted the following investigation:

5. I contacted the office of the New York Secretary of State, Division of Corporations on multiple occasions, including today, through its information data base and there was no filing for Defendant.

6. I have reviewed the current telephone directories, for the areas over which this District, the United States District Court for the Southern District of New York, has jurisdiction, specifically New York (Manhattan) Borough, Bronx Borough, Dutchess, Westchester, Rockland, Sullivan, Orange, and Putnam Counties:

(a) No listings for Defendant were found;

(b) Deponent is unaware of any general or managing agent within the Southern District of New York for Defendant;

(c) No papers held by Plaintiff and reviewed by this deponent indicate any presence of Defendant in or around the District;

(d) A search of the internet, or worldwide web, using search engine Google failed to demonstrate any presence of Defendant in or about the District.

7. Based upon the foregoing, your deponent submits that Defendant cannot be "found" within this district for the purpose of an attachment or garnishment under Rule B.

8. I submit that Defendant cannot be found within this District within the meaning of Rule B including, inter alia, the continuous or systematic conduct of business in this district.

9. Upon information and belief, Defendant has or will have during the pendency of this action, tangible and intangible property within the District in the hands of Bank of America and/or other financial institutions found within the Southern District of New York. Wiring information for partial hire payments received by Plaintiff from Defendant identify "GLOBAL AMERICAN TRANSPORT LLC" as the "Orderer" and the 222 Broadway branch of "BANK OF AMERICA N/A" as the originating "Ordering bank".

10. The reason Plaintiff is moving for an ex parte order of attachment rather than regular motion is the urgency of this matter.

11. Upon information and belief, daily service of Rule B orders would impose upon the United States Marshal an overwhelming burden and would cause to be visited on litigants the disproportionate costs and inefficiency Rule 4 of the Federal Rules of Civil Procedure was designed to prevent. Rule B (1)(d)(ii) specifically authorizes the Court to appoint such process servers, in addition to the Marshal, accordingly.

12. In order to avoid the necessity of physically serving the garnishees/banks daily and repetitively, Plaintiff respectfully seeks leave of the Court, for any process that is served on a garnishee to be deemed effective and continuous service throughout the remainder of the day upon which service is made, commencing from the time of such service and such service to be further deemed effective and continuous through the end of the next business day, provided that another service is made that day, and to authorize service of process via facsimile or e-mail following initial in personam service, if such service via facsimile or e-mail is permitted by the garnishees/banks.

13. To that end, Plaintiff respectfully requests that the Court appoint Edward A. Keane, Garth S. Wolfson, or any other partner, associate, paralegal or other agent of Mahoney & Keane, LLP, in addition to the United States Marshal, to serve any subsequent Process of Attachment and Garnishment and the Complaint, together with any interrogatories, upon garnishee(s) Bank of America N.A, together with any other garnishee(s) who (based upon information developed subsequent hereto by Plaintiffs) may hold assets of, for, or on behalf of Defendant.

WHEREFORE, Plaintiff respectfully requests

A. that the Court authorize the issuance of process in the form of a Writ of Maritime Attachment and Garnishment seeking attachment and garnishment of Defendant's tangible and intangible property within this district, including, inter alia, such property in the hands of Bank of America N/A and/or other financial institutions found within the Southern District of New York; and

B. That the Court grant Plaintiffs' prayer for relief to deem service continuous and for appointment of special process servers.

_____
Edward A. Keane

Sworn to before me this
9th day of July, 2024

_____
Notary Public

GARTH S. WOLFSON
NOTARY PUBLIC
State of New York No. 02WO5076961
Qualified In New York County
Term Expires 04-28-27

12/4554    4